AO 472  (Rev. 09/08)  Detention Order Pending Trial (MODIFIED)

# UNITED STATES DISTRICT COURT

for the

Eastern District of Missouri

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) Case No.   4:15 CR 441 CDP (NCC) |
| Donald Stewart | ) |
| *Defendant* | ) |

## DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that the defendant be detained pending trial.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has previously been convicted of ☐ a federal offense    ☐ a state or local offense that would have been a federal offense if federal jurisdiction had existed  -  that is

  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4) or an offense listed in 18 U.S.C. § 2332b(g)(5) for which the prison term is 10 years or more.

  ☐ an offense for which the maximum sentence is death or life imprisonment.

  ☐ an offense for which a maximum prison term of ten years or more is prescribed in _____.*

  ☐ a felony committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses:

  ☐ any felony that is not a crime of violence but involves:

    ☐ a minor victim

    ☐ the possession or use of a firearm or destructive device or any other dangerous weapon

    ☐ a failure to register under 18 U.S.C. § 2250

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state release or local offense.

☐ (3) A period of less than five years has elapsed since the ☐ date of conviction ☐ the defendant's release from prison for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition will reasonably assure the safety of another person or the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☒ (1) There is probable cause to believe that the defendant has committed an offense

  ☐ for which a maximum prison term of ten years or more is prescribed in _____.

  ☒ under 18 U.S.C. § 924(c).

*Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

# UNITED STATES DISTRICT COURT

for the

Eastern District of Missouri

☐   involving a minor victim under  18 U.S.C. §         .

☒ (2)   The defendant has not rebutted the presumption established by finding 1 that no condition will reasonably assure the defendant's appearance and the safety of the community.

**Alternative Findings (B)**

☒ (1)   There is a serious risk that the defendant will not appear.

☒ (2)   There is a serious risk that the defendant will endanger the safety of another person or the community.

At the detention hearing, the parties had no disagreement with the facts set forth in the Pretrail Services Report, dated October 5, 2015.  Therefore, the undersigned hereby adopts and incorporates herein by reference the facts set forth in that Report.

**Part II— Statement of the Reasons for Detention**

I find that the testimony and information submitted at the detention hearing establishes by    ☒   clear and convincing evidence    ☒   a preponderance of the evidence that

Defendant is charged with two separate counts of possession of a firearm, with death resulting, in furtherance of a drug trafficking crime.  Each of those charges carries a maximum possible penalty of imprisonment for life or death.  In this case, the government's motion for detention is aided by a rebuttable presumption.  18 U.S.C. § 3142(e)(3)(B).  At the detention hearing held on October 6, 2015, both parties agreed that the rebuttable presumption applied.  In response to this rebuttable presumption, the burden is on the defendant to produce some evidence that there are conditions of release that will reasonably assure that he will not pose a danger to the safety of the community or flee.  Throughout this process, the government retains the burden of proof, and the defendant retains his constitutionally protected presumption of innocence.

**CONTINUED ON NEXT PAGE **

**Part III—Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal.  The defendant must be afforded a reasonable opportunity to consult privately with defense counsel.  On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

Date:   10/6/2015                                                                         /s/ John M. Bodenhausen

United States Magistrate Judge

*Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 et seq.); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Page 2 of  3

## Part II— Statement of the Reasons for Detention (continued)

At the detention hearing, Defendant argued for release on conditions. Defendant argued that his substantce abuse history was not a sufficient basis to detain him. Defendant suggested that any substance abuse could be properly address with drug testing and counseling. Defendant also argued that his lack of work history was not a sufficient basis to detain him, and that he had been disabled since 1996. Defendant also pointed out that his outstanding warrants were minor and could be resolved, his prior convictions were old, and that he lacked any controlled substance convictions.

The government argued that Defendant's criminal history involved several instances of violence, including a murder charge and a manslaughter conviction. The government relied heavily on the factual allegations contained in the indictment, characterizing those charges as involving "drug hits," and pointing out the dangerousness of the persons identified in the indictment as acting in concert with Defendant in the charged conduct.

Although Defendant proffered several reasons for why he should be released on bond with conditions in this matter, the undersigned does not believe that those reasons amount to  sufficient evidence to reubt the presumption of detention in this case.

Even if Defendant's reasons for release are found sufficient to rebut any statutory presumption of detention in this case, based on the existing record -- including the written Pretrial Services Report and statements from both attorneys -- the undersigned concludes by clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of the community if Defendant is released. Likewise, the undersigned concludes that, by at least a preponderance of the evidence, there is no condition or combination of conditions that would reasonably assure Defendant's appearance in court as required.

Although the undersigned has considered all of the facts and circumstances in the record, of particular note is Defendant's criminal history and the nature of the present charges. Defendant has convictions for serious, violent offenses, including manslaughter, armed robbery, and resisting arrest. Defendant also has arrests, without convictions, for assault, unlawful use of a weapon, felonious restraint, and armed criminal action, among several others. Although many of Defendant's convicitons are relativelyly old, Defendant's current indictment is considered in the context of his criminal history. The present indictment alleges that Defendant participated in a cocaine trafficking conspiracy that resulted in the murder of two individuals through the use of firearms. Should Defendant be convicted of either offense, he could be subjected to a term of imprisonment up to life or the death penalty.

*Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Page 3 of  3