**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 15-CR-441-CDP/NCC |
| | ) |
| DONALD STEWART, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S MOTION FOR REVOCATION OR**
**AMENDMENT OF THE MAGISTRATE JUDGE'S DETENTION ORDER**

Comes now Defendant, Donald Stewart by his attorney, John D. Stobbs II, and hereby respectfully moves this Honorable Court to revoke or amend the Magistrate Judge's detention Order entered herein on October 7, 2015. In support of his Motion, Mr. Stewart states as follows:

1.  As this Honorable Court is aware, Donald Stewart is charged with two separate counts of possession of a firearm, with death resulting, in furtherance of a drug trafficking crime in violation of Title 18, United States Code, Sections 2, 924(c)(1)(A), and 924(j). Each of those charges carries a maximum possible penalty of imprisonment for life or death.

2.  Donald is also charged with one count of conspiracy to distribute drugs in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

3.  On October 6, 2015 Magistrate John Bodenhausen held a Detention Hearing and heard arguments from both sides regarding detention and on October 7, 2015 denied Donald's request to be released pending trial.

4.  At the time of the Detention Hearing, the Government was attempting to convince the Department of Justice that Donald's actions made him eligible for the death penalty.

1

5.   When *any* Court hears that a Defendant might be killed for his alleged actions it frankly heightens whatever is said.

6.   The 1980's were not a good decade for Donald as witnessed by his convictions for manslaughter, robbery and joyriding.  The manslaughter conviction should leap out because of the nature of the case before this Honorable Court, yet Donald only received 6 month sentence for that conviction.

7.   For the past 3 decades Donald has not had a scrape with the law.

8.   The detention order placed a great impact on Donald's prior criminal history. But, there comes a time when someone's prior criminal history has to stop being a weight around that person's legs so that he can be viewed equally with others.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION

The Bail Reform Act of 1984, 18 U.S.C. Sec. 3142, *et. seq.,* expressly provides that a defendant *shall be* released on his or her own recognizance or on a secured bond unless the court determines that no condition or combination of conditions will insure that the defendant does not represent a risk of flight or a danger to the community. 18 U.S.C. Sec. 3142(b) (emphasis added). If the court cannot find that such unconditional release will reasonably assure appearance as required or guard against danger to the community, then a court should begin looking at the least restrictive additional condition, or combination of conditions as the court finds appropriate.

As the Supreme Court noted in reviewing the constitutionality of the Act: "In our society liberty is the norm, and detention prior to trial ... is the carefully limited exception." *United States* v. *Salerno,* 481 U.S. 739, 755 (1987).

When Donald originally appeared before Magistrate Bodenhausen he was "death eligible."  That is no longer the case.  "Federal law has traditionally provided that a person arrested for a noncapital offense shall be admitted to bail. Only in rare circumstances should release be denied. Doubts regarding the propriety of release should be resolved in favor of the defendant." *United States* v. *Motamedi,* 767 F.2d 1403, 1405 (9th Cir. 1985).

To make sure that pretrial detention remains only a carefully limited exception, the Act provides two hurdles the Government must overcome. First, the defendant must qualify for pretrial detention under at least one of the six conditions listed in 18 U.S.C. 3142(f)(1).   The Government has obviously met this burden.

Second, under 18 U.S.C. Sec. 3142(e), the defendant can then be detained

> only if the government shows by clear and convincing evidence that no release condition or set of conditions will *reasonably assure* the safety of the community and by a preponderance of the evidence that no condition or set of conditions under subsection (c) will *reasonably assure* the defendant's appearance (emphasis in original)

Here, Magistrate Bodenhausen rested his decision to detain Donald based on the following:

> "Although the undersigned has considered all of the facts and circumstances in the record, of particular note is Defendant's criminal history and the nature of the present charges. Defendant has convictions for serious, violent offenses, including manslaughter, armed robbery, and resisting arrest.  Defendant also has arrests, without convictions, for assault, unlawful use of a weapon, felonious restraint, and armed criminal action, among several others. Although many of Defendant's convictions are relatively old, Defendant's current indictment is considered in the context of his criminal history. The present indictment alleges that Defendant participated in a cocaine trafficking conspiracy that resulted in the murder of two individuals through the use of firearms. Should Defendant be convicted of either offense, he could be subjected to a term of imprisonment up to life or the death penalty."

Detention Order, at p. 3.

Nearly two years after the detention hearing what has become clear is that this is a circumstantial case.  The Government will introduce "snitch" testimony buttressed by a jailhouse informant.  This is hardly a case where there is ***hard*** actual evidence leading to Donald's guilt.

At the time of the detention hearing the "strength of the Government's case" component was not taken into as much consideration as it could have, because the focus was on the death penalty.  It took the Department of Justice an inordinate amount of time

to make its decision and once made discovery trickled out at a maddening pace.

When determining whether or not to release a defendant on bond, the court has to inquire whether or not there are conditions or a combination of conditions which will ensure defendant will appear in court and will not harm the community.

There is no doubt that the Government will immediately claim that its witnesses would be in jeopardy if Donald were released.  That tied in with his criminal history seals the deal for detention in the Government's mind.

But, there are a combination of conditions which this Honorable Court could impose to ensure the public's safety. This Honorable Court could impose house arrest where Donald could only leave to go the doctor, to the undersigned's office or to church services.  He could be required to call in daily to the probation office while wearing an ankle bracelet.

Hopefully, the combination of conditions will enable this Honorable Court to minimize Donald's 30 year old criminal record.

WHEREFORE, for all of the reasons, Donald requests that this Honorable Court conduct a detention hearing  and revoke the Magistrate Court's detention order and set whatever conditions it requires in order to be satisfied that Donald will appear when required and not present a danger to the community.

DONALD STEWART

STOBBS LAW OFFICES

BY:

/s/John D. Stobbs II
John D. Stobbs II, No. 43052
E.D.Mo. Number 40623
Attorney for Defendant
307 Henry St. Suite 211
Alton, Illinois 62002
Telephone: (618)462-8484
FAX: (618)462-8585
Email: jds2@stobbslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on <u>September 6, 2017</u>, a copy of the attached *Motion*  was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Mssrs. Dean Hoag & Mike Reilly
Assistant U.S. Attorneys
111 S. 10th Street
St. Louis, Missouri 63102

STOBBS LAW OFFICES


<u>/s/ John D. Stobbs II</u>
Attorney for Defendant
307 Henry St. Suite 211
Alton, Illinois 62002